**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **RICHARD A. HARPOOTLIAN,** | ) | |
| | ) | Civil Action No. 3:26-cv-04044-SAL |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT** |
| UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION, | ) | (Freedom of Information Act; Privacy Act of 1974) |
| | ) | |
| Defendants. | ) | |

Plaintiff Richard A. Harpootlian, complaining of Defendants the United States Department of Justice and the Federal Bureau of Investigation, alleges as follows:

## INTRODUCTION

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act of 1974, 5 U.S.C. § 552a, to compel the Federal Bureau of Investigation ("FBI") to process and release approximately 219 pages of records about Plaintiff that the FBI located more than two years ago and has never produced.

2. Plaintiff submitted his request on March 15, 2021. More than five years have passed. In that time the FBI has told Plaintiff that his request sat in a "perfected backlog"; that it had located approximately 219 pages of potentially responsive records; that it would close the request unless he confirmed he was still interested; that it had received his confirmation and "noted that you are still interested in the potentially responsive documents"; and that it had referred the matter to its Public Information Officer for "a response concerning this closed request."

3. Each of those statements came from the FBI. The last of them is dated January 8, 2025. It is the last thing the Government has ever said to Plaintiff about this request.

4. What the FBI has never done is the one thing FOIA requires. It has never made a determination on Plaintiff's request. It has never told him which of the 219 pages it will release and which it will withhold, or why. It has never invoked a single exemption. It has never released a single page.

5. The last communication Plaintiff received from any component of the United States Government concerning this request was an email dated January 8, 2025—more than eighteen months ago. Since that date the Government has said nothing at all.

6. The FBI purported to dispose of Plaintiff's request by "administratively closing" it. No statute authorizes that disposition. No regulation authorizes it. The Department of Justice's own FOIA regulations, 28 C.F.R. §§ 16.1–16.11, enumerate the permissible responses to a FOIA request, and administrative closure for want of a requester's confirmed "continued interest" is not among them. The sole closure provision in those regulations, 28 C.F.R. § 16.10(i)(4), applies only where a requester fails to make a required advance payment of fees—a circumstance that has never existed here.

7. Plaintiff asks this Court to declare that Defendants have violated FOIA and the Privacy Act, to order Defendants to process the located records and release all non-exempt portions on an expedited schedule, to order Defendants to justify any withholding, and to award Plaintiff his reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1), and 28 U.S.C. § 1331.

9. FOIA vests jurisdiction in "the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). Plaintiff resides in Columbia, Richland County, South Carolina, and maintains his principal place of business there. This district is therefore a proper forum under both prongs.

10. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391(e)(1).

11. Pursuant to Local Civil Rule 3.01, D.S.C., this action is assignable to the **Columbia Division**. Richland County lies within the Columbia Division. 28 U.S.C. § 121(2). Plaintiff, a natural person, resides in Richland County, and a substantial part of the events and omissions giving rise to these claims occurred there, including the submission of the request at issue and Plaintiff's receipt of the FBI's correspondence concerning it.

12. Plaintiff has exhausted his administrative remedies, actually and constructively. *See* 5 U.S.C. § 552(a)(6)(C)(i).

13. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202, and injunctive relief under 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(3)(A).

## PARTIES

14. Plaintiff Richard A. Harpootlian is a citizen of the United States and a resident of Columbia, Richland County, South Carolina, where he also maintains his principal place of business.

15. Defendant United States Department of Justice ("DOJ") is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). DOJ has possession and control of the records Plaintiff seeks.

16. Defendant Federal Bureau of Investigation ("FBI") is a component of DOJ and is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). The FBI has possession and control of the records Plaintiff seeks. On information and belief, the records at issue are maintained in the FBI's Central Records System ("CRS"), a system of records designated JUSTICE/FBI-002.

## **FACTUAL ALLEGATIONS**

### ***A. Plaintiff's Request***

17. By letter dated March 15, 2021, transmitted by facsimile to (540) 868-4391 and by first-class mail, Plaintiff submitted a FOIA request to the FBI's Record/Information Dissemination Section, Attn: FOIPA Request, 170 Marcel Drive, Winchester, Virginia 22602-4843.

18. The request sought "copies of all information, including but not limited to files, correspondence, reports, surveillance, and/or any other records concerning Richard A. Harpootlian of South Carolina." It specified a date range of "January 1, 1966 to present."

19. The request asked the FBI to "search the FBI's indices to the Central Records System, including manual indices, as well as all Field Offices for the information responsive to this request related to: Richard A. Harpootlian of South Carolina. Also known as Dick Harpootlian. Born January 23, 1949."

20. The request stated that Plaintiff was "willing to pay up to $100 for the processing of this request" and asked to be informed if estimated fees would exceed that limit before processing. It further stated that Plaintiff was "seeking information for personal use and not for commercial use."

21. The request reasonably described the records sought and was made in accordance with the FBI's published rules. 5 U.S.C. § 552(a)(3)(A). It identified the subject by full name, by alias, by date of birth, and by state of residence — the identifiers ordinarily needed to search the FBI's indices for records about a named individual.

22. The FBI received the request and assigned it FOIPA Request No. 1492329-000, Subject: HARPOOTLIAN, RICHARD ARA (On or After January 1, 1966).

23. The FBI has never asserted that the request was deficient, that it failed reasonably to describe the records sought, or that it was not properly perfected. To the contrary, and as set out below, the FBI has repeatedly confirmed that the request was perfected and has conducted a search that located responsive material.

### *B. The FBI's Failure To Make a Determination Within the Statutory Period*

24. FOIA required the FBI to determine whether to comply with Plaintiff's request "within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request," and immediately to notify Plaintiff of that determination and the reasons for it, of his right to seek assistance from the agency's FOIA Public Liaison, and—in the case of an adverse determination—of his rights to administrative appeal and to dispute-resolution services. 5 U.S.C. § 552(a)(6)(A)(i).

25. The FBI did not make or communicate any such determination within twenty working days of receiving Plaintiff's March 15, 2021 request.

26. The FBI did not invoke "unusual circumstances" and provide written notice of an extension of not more than ten working days, as 5 U.S.C. § 552(a)(6)(B)(i) would have required had it wished to extend the statutory period.

27. To this day—more than five years after the request was submitted—the FBI has never made or communicated a determination within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

### *C. June 28, 2023: The "Perfected Backlog"*

28. By letter dated June 28, 2023, more than twenty-seven months after Plaintiff submitted his request, Michael G. Seidel, Section Chief of the FBI's Record/Information Dissemination Section, Information Management Division, wrote to Plaintiff "to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request."

29. That letter stated: "Currently, your request is in the 'perfected backlog,' where your request is waiting assignment to an analyst."

30. The letter invited Plaintiff to reduce the scope of his request, and stated that doing so "will accelerate the process and could potentially place your request in a smaller processing queue."

31. The June 28, 2023 letter did not communicate any determination. It did not identify any responsive records. It did not state which records the FBI intended to produce or withhold. It did not invoke any exemption. It did not advise Plaintiff of any right to appeal, because it made no adverse determination from which an appeal could be taken.

### *D. May 8, 2024: The FBI Locates 219 Pages and Threatens Closure*

32. By letter dated May 8, 2024, Section Chief Seidel again wrote to Plaintiff concerning FOIPA Request No. 1492329-000. Plaintiff received that letter on May 13, 2024.

33. The May 8, 2024 letter stated: "The FBI has located approximately 219 pages of potentially responsive documents."

34. The letter explained the FBI's multi-track processing system and stated that "[a] review of your request determined it is currently in the small track"—the sub-track the FBI uses for requests involving 51 to 250 pages of potentially responsive documents.

35. The letter then stated: "Given the passage of time and a potential change in circumstance, this communication is to inquire if you are still interested in having the above mentioned FOIPA request processed."

36. It directed Plaintiff to "contact my representative at 540-868-4593 or fbi.foipa.negotiation@fbi.gov to confirm your interest in receiving this material, or if you would like to reduce to a smaller processing track."

37. The letter concluded with the following warning, emphasized in the original: **"If a response is not received within 30 days of the date of this letter, your request will be administratively closed."**

38. The May 8, 2024 letter was not a determination within the meaning of 5 U.S.C. § 552(a)(6)(A)(i). It disclosed only the approximate volume of potentially responsive material. It did not state the scope of the documents the FBI intended to produce or to withhold, or the reasons for any withholding. It invoked no exemption. It made no adverse determination.

39. The May 8, 2024 letter did include the FBI's standard closing paragraphs advising Plaintiff that if he was "not satisfied with the Federal Bureau of Investigation's determination in response to this request," he could appeal to the Director of the Office of Information Policy within ninety days, and that dispute-resolution services were available. But the letter communicated no determination from which an appeal could have been taken. It granted nothing and denied nothing. It identified no record as exempt and withheld no record. An

administrative appeal would have presented the Office of Information Policy with nothing to review.

40. The May 8, 2024 letter also did not comport with the Department of Justice's own published guidance governing such inquiries. The Office of Information Policy's guidance, *Limitations on Use of "Still-Interested" Inquiries*, instructs that "the time period to allow requesters to respond to 'still-interested' inquiries should be no shorter than thirty (30) working days," and that "absent good cause, an agency should not inquire more than once whether a requester is 'still-interested' in the request." The FBI afforded Plaintiff thirty days, not thirty working days. And the only ground the letter offered for questioning Plaintiff's continued interest was "the passage of time"—a passage of time occasioned entirely by the FBI's own three-year delay in reaching a request it had already deemed perfected.

### *E. June 3, 2024: Plaintiff Confirms His Continued Interest*

41. On June 3, 2024, at approximately 4:07 p.m.—within thirty days of the date of the FBI's May 8, 2024 letter, and within three weeks of his receipt of it—Plaintiff transmitted an email confirming his continued interest, addressed to the FBI negotiation-team mailbox, copied to his paralegal, under the subject line "FOIAPA Request#1492329-000."

42. The message read, in its entirety: "Mr Seidel[.] Please process my request, I am still interested. Richard A Harpootlian".

43. The address to which that message was transmitted—"fbi.foiapa.negotiation@fbi.gov"—transposed two letters of the address the FBI had printed in its May 8, 2024 letter, "fbi.foipa.negotiation@fbi.gov." Plaintiff does not know whether the FBI received the message on June 3, 2024, and pleads the claims below without regard to whether it did. As set out in Section G, Plaintiff re-transmitted that same message to the FBI

at the correct address on January 6, 2025, and the FBI confirmed two days later that it had received it and had noted his continued interest.

44. The FBI administratively closed FOIPA Request No. 1492329-000. It did so without processing a single page.

45. Plaintiff received no correspondence from the FBI advising him that his request had been closed. He learned of the closure by checking the FBI's online status portal.

### *F. January 6, 2025: Plaintiff Writes Again*

46. On January 6, 2025, Plaintiff wrote to the Department of Justice, Office of Information Policy, 441 G Street NW, Sixth Floor, Washington, D.C. 20001, and to the FBI at fbi.foipa.negotiation@fbi.gov, referencing FOIPA Request No. 1492329-000.

47. The letter recounted the history of the request: "Two years ago I requested any FBI files related to or mentioning me. I received the attached letter on May 13, 2024 and responded by email on June 3, 2024 with attached email and indicated I would like the 219 pages the FBI offered. I checked the online status today and it indicates this file has been closed."

48. The letter closed by asking: "Please tell me what further action I need to take to receive these files." [*sic*]

49. Enclosed with the letter were copies of the FBI's May 8, 2024 letter and of Plaintiff's June 3, 2024 email confirming his continued interest.

50. The letter was transmitted by email to FBI.FOIPA.NEGOTIATION@FBI.GOV on January 6, 2025 at 1:25 p.m., with a copy to Plaintiff.

***G. January 8, 2025: The FBI Acknowledges Plaintiff's Continued Interest—and Then Silence***

51. On January 8, 2025, the FBI's Negotiation Team replied by email, with a copy to Plaintiff. The reply stated, in relevant part:

> "Thank you for the email confirmation concerning this request. We have noted that you are still interested in the potentially responsive documents at this time.
>
> We have forwarded your email to the Public Information Officer (PIO) for review and a response concerning this closed request."

52. The FBI thus expressly acknowledged, in writing and on the record, that Plaintiff remained interested in the approximately 219 pages of potentially responsive documents the FBI had located.

53. The FBI promised "a response concerning this closed request."

54. No such response ever came.

55. Since January 8, 2025, Plaintiff has received no communication of any kind from the FBI, from the Public Information Officer, from the Office of Information Policy, or from any other component of the Department of Justice concerning FOIPA Request No. 1492329-000.

56. More than eighteen months have elapsed since the FBI's last communication. More than two years have elapsed since the FBI located the 219 pages. More than five years have elapsed since Plaintiff submitted his request.

57. Not one page has been released. Not one exemption has been invoked. Not one determination has been made.

58. Whatever became of Plaintiff's June 3, 2024 message, the FBI's own conduct after January 6, 2025 is dispositive. On that date Plaintiff placed before the FBI, at the address the

FBI itself had supplied, both the FBI's May 8, 2024 letter and his confirmation of continued interest. On January 8, 2025 the FBI acknowledged receipt, recorded that Plaintiff "[is] still interested in the potentially responsive documents," and undertook to provide "a response concerning this closed request." From that moment the FBI had every fact it needed to process the request. It has done nothing for more than eighteen months.

### *H. The Purported "Administrative Closure" Was Unlawful*

59. Neither FOIA nor the Privacy Act authorizes an agency to dispose of a perfected request by "administrative closure" for failure to confirm continued interest.

60. The Department of Justice's FOIA regulations enumerate the permissible responses to a request. 28 C.F.R. § 16.6 provides for grants of requests and for "adverse determinations," which the regulation defines as decisions that "the requested record is exempt, in whole or in part; the request does not reasonably describe the records sought; the information requested is not a record subject to the FOIA; the requested record does not exist, cannot be located, or has been destroyed; or the requested record is not readily reproducible in the form or format sought," together with denials of fee waivers, adverse fee-category determinations, and denials of expedited processing. Administrative closure for want of confirmed continued interest is not among them.

61. Each adverse determination must be accompanied by written notice stating the reason for the denial, the name and title of the person responsible, an estimate of the volume of withheld records, and notice of the right to appeal. 28 C.F.R. § 16.6(c)–(d). The FBI provided none of these.

62. The only provision of the Department's FOIA regulations authorizing closure of a request is 28 C.F.R. § 16.10(i)(4), which provides that "[i]f the requester does not pay the

advance payment within 30 calendar days after the date of the component's fee determination, the request will be closed." The FBI never made a fee determination in this matter, never required an advance payment, and never suggested that fees were at issue. Section 16.10(i)(4) has no application here.

63. Where a request does not reasonably describe the records sought, the Department's regulations provide that the agency's response "may be delayed"—not that the request may be closed. 28 C.F.R. § 16.3(b). The FBI has never contended that Plaintiff's request failed reasonably to describe the records sought, and it could not, having searched for and located responsive records.

64. Because the Privacy Act requires that an agency's access procedures be established by rules published pursuant to 5 U.S.C. § 553, *see* 5 U.S.C. § 552a(f), the FBI's unpromulgated closure practice is independently defective as applied to Plaintiff's first-party request.

65. In all events, even if the FBI's closure of the request had been authorized—and it was not—the FBI expressly reopened the question on January 8, 2025 when it acknowledged in writing that it had "noted that you are still interested in the potentially responsive documents at this time" and undertook to provide "a response concerning this closed request." Having so acknowledged, the FBI was obliged to process the request. It did not.

### *I. Exhaustion of Administrative Remedies*

66. FOIA provides that a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).

67. To make a "determination" within the twenty-working-day period, an agency must at a minimum "gather and review the documents"; "determine and communicate the scope of

the documents it intends to produce and withhold, and the reasons for withholding any documents"; and "inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Louise Trauma Ctr., LLC v. USCIS*, No. 24-1768 (4th Cir. Aug. 14, 2025).

68. The FBI has never satisfied any prong of that test. It has never communicated the scope of what it intends to produce or withhold, never given a reason for withholding anything, and never advised Plaintiff of a right to appeal any adverse determination—because it has never made one.

69. Plaintiff's administrative remedies are therefore deemed exhausted. *See Coleman v. DEA*, 714 F.3d 816, 823 (4th Cir. 2013) ("to prevent agencies from keeping requesters out of court by simply delaying the administrative process ad infinitum, Congress provided that a requester will be deemed to have exhausted his or her administrative remedies 'if the agency fails to comply with the applicable time limit provisions' laid out in FOIA").

70. There was in any event no administrative appeal for Plaintiff to take. An appeal under 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa) lies from an adverse determination. The FBI made none. It never denied Plaintiff's request, never invoked an exemption, and never withheld an identified record; it simply stopped. The Office of Information Policy would have had no determination before it to affirm or reverse.

71. To the extent any further step could be thought available, Plaintiff took it. He wrote to the FBI and to the Office of Information Policy on January 6, 2025 asking, in terms, to be told "what further. action I need to take to receive these files." [*sic*] The FBI answered that it

had referred the matter to its Public Information Officer for "a response concerning this closed request." No response has ever issued. There is nothing further for Plaintiff to exhaust.

72. The FBI's January 8, 2025 reply directed that "[a]ny future status inquires" be sent to foipaquestions@fbi.gov. [*sic*] That is a mailbox for status inquiries. It is not an administrative remedy, and FOIA does not condition a requester's access to this Court on continuing to ask an agency about the status of a request the agency has already closed, has promised to address, and has left unanswered for more than eighteen months.

73. Administrative exhaustion under FOIA is not a jurisdictional prerequisite. *Louise Trauma Ctr., LLC v. USCIS*, No. 24-1768 (4th Cir. Aug. 14, 2025).

**COUNT I**

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**(Failure To Make a Determination; Improper Withholding of Agency Records)**

74. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

75. Plaintiff submitted a request that reasonably describes the records sought and that was made in accordance with Defendants' published rules. 5 U.S.C. § 552(a)(3)(A).

76. The records Plaintiff seeks are agency records within the meaning of FOIA, and Defendants have possession and control of them. Defendants have confirmed that a search located approximately 219 pages of potentially responsive documents.

77. Defendants were required to make and communicate a determination on Plaintiff's request within twenty working days of receipt, and immediately to notify Plaintiff of that determination and the reasons for it. 5 U.S.C. § 552(a)(6)(A)(i). Defendants failed to do so.

Boilerplate advising Plaintiff of appeal and dispute-resolution rights, unaccompanied by any determination to which those rights could attach, does not satisfy the statute.

78. Defendants were required to "make the records promptly available" to Plaintiff. 5 U.S.C. § 552(a)(3)(A). Defendants have not made any record available, promptly or at all.

79. Defendants have improperly withheld agency records from Plaintiff within the meaning of 5 U.S.C. § 552(a)(4)(B). Their purported "administrative closure" of a perfected request—a disposition authorized by neither statute nor regulation, effected after Plaintiff timely confirmed his continued interest, and never rescinded despite Defendants' written acknowledgment of that continued interest—constitutes an improper withholding of the located records in their entirety.

80. Defendants have invoked no exemption under 5 U.S.C. § 552(b) as to any portion of the located records, and bear the burden of sustaining any withholding they may hereafter assert. 5 U.S.C. § 552(a)(4)(B); *see Ethyl Corp. v. EPA*, 25 F.3d 1241, 1245 (4th Cir. 1994) ("Congress explicitly provided that the agency called upon to provide documents bears the burden of demonstrating that any document withheld falls within a stated exemption," and "[t]he exemptions from production are to be construed narrowly"); *City of Va. Beach v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1252 (4th Cir. 1993) ("the burden of justifying nondisclosure rests squarely upon the government").

81. Defendants are further obligated to disclose any reasonably segregable non-exempt portion of any record they withhold in part. 5 U.S.C. § 552(b).

82. Plaintiff has exhausted his administrative remedies, actually and constructively. 5 U.S.C. § 552(a)(6)(C)(i).

83. Plaintiff has a statutory right to the records he seeks, and there is no legal basis for Defendants' continued failure to search for, process, and release them.

84. Plaintiff is being irreparably harmed by Defendants' unlawful withholding and will continue to be so harmed unless this Court orders Defendants to process the records and release all non-exempt portions.

## COUNT II

### Violation of the Privacy Act of 1974, 5 U.S.C. § 552a
### (Refusal To Comply with a Request for Access Under § 552a(d)(1))

85. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

86. Plaintiff is an "individual" within the meaning of 5 U.S.C. § 552a(a)(2).

87. On information and belief, the records Plaintiff seeks are "records" within a "system of records" within the meaning of 5 U.S.C. § 552a(a)(4) and (a)(5), maintained by the FBI in its Central Records System, JUSTICE/FBI-002, and retrieved by Plaintiff's name.

88. Plaintiff's March 15, 2021 submission was a request for access to records pertaining to himself, made by the individual to whom those records pertain. The FBI treated it as such: it processed the request as a Freedom of Information/Privacy Acts request, captioned it "Subject: HARPOOTLIAN, RICHARD ARA," and corresponded with Plaintiff about it as a "FOIPA" matter throughout. Consistent with 28 C.F.R. § 16.40(b), the request is properly before this Court under both statutes.

89. The Privacy Act requires an agency, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system," to

"permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him." 5 U.S.C. § 552a(d)(1).

90. The Department of Justice processes Privacy Act access requests under FOIA as well, "which gives requesters the benefits of both statutes." 28 C.F.R. § 16.40(b).

91. Defendants have refused to comply with Plaintiff's request for access under 5 U.S.C. § 552a(d)(1). They have permitted Plaintiff to review nothing and have provided him a copy of nothing.

92. Defendants may not rely on any Privacy Act exemption to withhold from Plaintiff any record that is otherwise accessible to him under FOIA. 5 U.S.C. § 552a(t)(2).

93. To the extent Defendants invoke the exemption of the Central Records System from 5 U.S.C. § 552a(d) under 28 C.F.R. § 16.96(a), that exemption by its own terms "appl[ies] only to the extent that information in this system is subject to exemption pursuant to" 5 U.S.C. § 552a(j) and (k), and the regulation further provides that "[w]here compliance would not appear to interfere with or adversely affect the overall law enforcement process, the applicable exemption may be waived by the FBI." Defendants have never determined that any information in the located records is in fact subject to exemption, and have never considered waiver, because they have never reviewed the records at all.

94. Plaintiff is entitled under 5 U.S.C. § 552a(g)(1)(B) to bring this action, and this Court may "enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him," determining the matter de novo, with "the burden . . . on the agency to sustain its action." 5 U.S.C. § 552a(g)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Declare** that Defendants' failure to make and communicate a determination on FOIPA Request No. 1492329-000 within the period prescribed by 5 U.S.C. § 552(a)(6)(A)(i) violates the Freedom of Information Act;

B. **Declare** that Defendants' "administrative closure" of FOIPA Request No. 1492329-000 was unauthorized by statute or regulation and is of no legal effect;

C. **Declare** that Defendants' continued withholding of the approximately 219 pages of records located in response to FOIPA Request No. 1492329-000 is unlawful under 5 U.S.C. § 552 and 5 U.S.C. § 552a;

D. **Order** Defendants to reopen FOIPA Request No. 1492329-000 and to conduct a search reasonably calculated to locate all records responsive to Plaintiff's March 15, 2021 request, including a search of the indices to the Central Records System, including manual indices, and of all Field Offices;

E. **Order** Defendants to process the approximately 219 pages of located records, and any additional responsive records, and to release all non-exempt records and all reasonably segregable non-exempt portions of partially exempt records, on a schedule set by this Court and without further delay;

F. **Order** Defendants, as to any record or portion of a record withheld, to produce a *Vaughn* index identifying each withholding, the exemption claimed, and the justification for it, on a schedule set by this Court;

G. **Enjoin** Defendants from withholding the requested records and from further administratively closing FOIPA Request No. 1492329-000;

H. **Expedite** consideration of this action pursuant to 28 U.S.C. § 1657;

I. **Award** Plaintiff his reasonable attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B);

J. **Retain** jurisdiction over this action to ensure Defendants' compliance; and

K. **Grant** Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Phillip D. Barber

Phillip D. Barber, Fed. ID No. 12816
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, South Carolina 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
pdb@harpootlianlaw.com

*Counsel for Plaintiff*

September 14, 2026
Columbia, South Carolina.